UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY D. WEBER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:06-CV-635 (CEJ) |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Terry I. Adelman, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On July 24, 2009, the magistrate judge issued a Report and Recommendation, recommending that the petition of Larry Weber for habeas corpus relief be denied. Petitioner has filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

I. **Background**

On March 1, 2004, petitioner entered a guilty plea to three counts of second degree robbery, along with one count each of first degree tampering, leaving the scene of an accident, and kidnaping. Petitioner was sentenced as a prior and persistent offender to concurrent terms of twenty years' imprisonment on each of the robbery and kidnaping counts and seven years on the remaining two counts. The court "granted" petitioner's request for retroactive jail time credit, although the court noted that it had the power only to recommend such credit and that,

ultimately, the decision was up to the Missouri Department of Corrections. Petitioner was not given the retroactive credit that he desired.

Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035. Petitioner was appointed counsel, who filed an amended motion. Petitioner claimed that he was denied effective assistance of counsel when trial counsel advised petitioner that his sentence would be made retroactive such that it would commence on a date prior to even his commission of the instant offenses. Petitioner claimed that counsel should have known that such recommendation would never have been honored by the Department of Corrections and that, by leading petitioner to believe that the recommendation would be considered, petitioner's plea of guilty was based on poor legal advice. The post-conviction relief court denied petitioner's motion without an evidentiary hearing. On September 6, 2005, the Missouri Court of Appeals affirmed the denial of petitioner's claims for post-conviction relief. The court found that petitioner had, at the time of his guilty plea, knowingly and voluntarily waived his right to seek any appellate or post-conviction relief. Petitioner did not pursue any further action in state court.

Petitioner raises four grounds for relief in the instant petition for a writ of habeas corpus. First, petitioner claims that the motion court erred in denying his post-conviction motion in that petitioner's guilty plea was influenced by a false belief that the sentencing court could order retroactive jail time credit. Second, petitioner claims that he received ineffective assistance of counsel in that counsel advised him that the court could order such retroactive credit. Third, petitioner

contends that he was denied due process in that he received ineffective assistance of counsel. Finally, petitioner claims that he received ineffective assistance of counsel at the guilty plea as counsel did not provide proper legal advice.

The magistrate judge found that each of petitioner's claims had been procedurally defaulted and that petitioner had failed to show cause and prejudice for the default, or demonstrate a fundamental miscarriage of justice. Petitioner objects to this finding and contends that the denial of appellate review constitutes a fundamental miscarriage of justice. Petitioner also claims that his claim of ineffective assistance of counsel constitutes cause for the default. Finally, petitioner contends that he was prejudiced through his inability to seek appellate relief.

II. **Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus cannot be granted unless: (1) the state decision was either contrary to, or involved an unreasonable application of, clearly established federal law; or (2) the state decision was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410 (2000). "Congress specifically used the word 'unreasonable', and not a term like 'erroneous' or 'incorrect'. Id. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. Instead, "that application must be unreasonable." Id.

"A federal court is prohibited from reviewing an issue that the state court has resolved on an adequate and independent state ground, including procedural default." Clay v. Norris, 485 F.3d 1037, 1039 (8th Cir. 2007). The Missouri appellate court found that, through his guilty plea, petitioner had knowingly and voluntarily waived his right to seek appellate or post-conviction relief. This finding is supported by the record in this case. Therefore, the Court agrees with the magistrate judge that petitioner claims are procedurally barred.

Procedural default can be overcome only upon a showing of cause and prejudice for the default or can demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). Petitioner contends that he has established both cause and prejudice. The Court disagrees. Even assuming that petitioner could show cause through his ineffective assistance of counsel claim, petitioner clearly fails to show prejudice. The record indicates that petitioner's guilty plea was not contingent upon the assertion by his counsel that the court could recommend, or order, retroactive jail time credit. While petitioner may initially have had the impression that the court could make such an order, it was clearly explained to him multiple times during his plea colloquy that the ultimate decision relating to crediting time served rested with the Department of Corrections. The issue was explained during petitioner's guilty plea proceeding as follows:

> [PROSECUTION]: And then on count – that deal is we are allowing credit for time served retroactive to the original robbery charged that

he was revoked on in November, however, he needs to be made aware it should be clear to him that that's up to the Missouri Department of Corrections. It's not up to the Court and that this deal is not contingent on him getting retroactive.

(Resp. Exh. A at 21).

Petitioner responded that he was unaware that the court did not have the authority to make such an order. The prosecutor again explained:

> [PROSECUTION]: …the issue is, he wants to get retroactive for credit for time served on 96CR-2224 and 99CR-1013. However, on that issue, on whether he can get that, that's going to be up to the Missouri Department of Corrections. The deal is not contingent on that. He needs to be made aware of that. We can put that on there, I'll agree to it, but it's up to the Missouri Department of Corrections to decide whether they are going to do that.

(Resp. Exh. A at 21-22).

The court agreed to make the recommendation requested by petitioner, but reminded petitioner once again that the plea agreement was not contingent upon the acceptance of that recommendation. Petitioner stated that he understood:

> [THE COURT]: Mr. Weber, you understand the State has agreed and I've agreed to sign the memo saying this is retroactive. Of course, the Court is telling you, again, the Missouri Department of Corrections can, if they told you that, that's fine, but we are not saying that's going to happen because we don't know what they are going to do. This deal is not contingent upon them doing that. Do you understand that?
>
> [THE DEFENDANT]: Yes.
>
> [PROSECUTION]: This deal is not contingent on whether or not you get retroactive credit for time served and you will not – if you do not get it, you will not be able to appeal on that issue or any issue. Do you understand that?
>
> [THE DEFENDANT]: Yes.

(Resp. Exh. A. at 24).

Clearly, it was explained to petitioner at the time of his plea that the court did not have the authority to order retroactive jail time credit, and that any recommendation by the court in that regard could be rejected by the Department of Corrections. Petitioner was informed, on several occasions, that his plea was not contingent upon the acceptance of the recommendation. He was also informed that he was waiving his right to appeal and could not appeal even if the Department of Corrections refused to grant retroactive jail time credit to petitioner. Despite being made aware of the court's inability to promise retroactive credit, petitioner still chose to plead guilty. Because petitioner's guilty plea was not contingent upon any promise of retroactive credit, petitioner cannot show prejudice simply because he was denied that credit. The Court agrees with the magistrate judge that petitioner has failed to show both cause and prejudice for his procedural default.

Because petitioner failed to establish prejudice, the Court may not review the substance of petitioner's claims unless petitioner demonstrates a fundamental miscarriage of justice. "[T]he miscarriage of justice exception is a narrow one concerned with actual as compared to legal innocence." Rehbein v. Clarke, 94 F.3d 478, 484 (8th Cir. 1996). Petitioner has not alleged actual innocence. Indeed, petitioner entered a plea of guilty to the offenses for which he was sentenced. The fact that petitioner was not granted retroactive jail time credit, and that petitioner was unable to appeal on that basis, is insufficient to establish a miscarriage of justice.

III. Conclusion

Petitioner's objections to the Report and Recommendation are overruled. The Court agrees with the magistrate judge that petitioner has failed to demonstrate both cause and prejudice to overcome the procedural bar preventing this Court from reviewing the merits of his claims. Further, petitioner has failed to demonstrate a fundamental miscarriage of justice. Petitioner's claims for habeas corpus relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Terry I. Adelman [#14] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Larry D. Weber for a writ of habeas corpus [#2] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

*[signature: Carol E. Jackson]*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2009.